UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff/Respondent,

v.

                            Criminal No. 06-20234
                            Civil No. 10-14858

LABARON WARDLAW,                Hon. John Corbett O'Meara

    Defendant/Petitioner,
_____/

## ORDER DENYING DEFENDANT'S
## MOTION TO VACATE SENTENCE

Before the court is Defendant Labaron Wardlaw's motion to vacate sentence, filed December 6, 2010. The government responded on January 4, 2011. Pursuant to Local Rule 7.1(e)(1), the court will decide this matter on the briefs and without oral argument.

On August 9, 2007, Defendant pleaded guilty to Count One of the indictment, which charged him with conspiracy to possess with intent to distribute, and conspiracy to distribute, crack cocaine in violation of 21 U.S.C. § 846. The plea was entered pursuant to a Rule 11 plea agreement, which anticipated a sentence of 360 months to life imprisonment. The government filed a motion for downward departure, which was granted by the court at sentencing. On May 13, 2008, the court sentenced Defendant to 180 months imprisonment. Defendant did not appeal, as he waived his right to do so in the plea agreement.

Defendant seeks a reduction in his sentence based upon the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 (2010). This statute, which amends 21 U.S.C. § 841 and § 960, reduces the penalties associated with possessing certain amounts of crack cocaine; for example, it raises the threshold for imposition of a 60-month statutory minimum prison sentence

from five grams of crack cocaine to 28 grams. The statute is not, however, retroactive. United States v. Carradine, 621 F.3d 575, 580 (6th Cir. 2010). Rather, the court "must apply the penalty provision in place at the time [Defendant] committed the crime in question," which in this case was 2005 and 2006. Id. Because the Fair Sentencing Act of 2010 does not apply in this case, the court has no authority to modify Defendant's sentence. See 18 U.S.C. § 3582(c).

Accordingly, IT IS HEREBY ORDERED that Defendant's motion to vacate sentence is DENIED.

s/John Corbett O'Meara
United States District Judge

Date: May 12, 2011


I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, May 12, 2011, using the ECF system, and upon Labaron Wardlaw at FCI Victorville, Federal Correctional Institution, P.O. Box 5300 Adelanto, CA 92301 by first-class U.S. mail.

s/William Barkholz
Case Manager